Corporation Service Company, Plaintiff in Error, v. Bolger, Mosser & Willaman, Defendant in Error.

Gen. No. 19,538.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. Thomas F. Scully, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed December 22, 1914.

## Statement of the Case.

Action by the Corporation Service Company, a corporation, against Bolger, Mosser and Willaman, a corporation, to recover $126 claimed to have been earned under an agreement embodied in the following letter signed by defendant:

"CHICAGO, ILL., July 29, 1912.
"THE CORPORATION SERVICE CO.,
8 So. Dearborn St.,
Chicago.

DEAR SIR:

Confirming understanding with your Mr. Graham today, beg to state that we accept your proposition to represent us before the State Board of Equalization in the matter of our capital stock taxes for the year 1912, for which service we are to pay you 50% of what we may save under $252.

Yours very truly,
BOLGER, MOSSER & WILLAMAN,
By A. C. Heckler."

Pursuant to said letter, plaintiff, by its attorney, appeared twice before said State Board with reference to its fixing the assessment on defendant's capital stock. In the meantime, the Supreme Court, in *People v. Federal Securities Co.*, 255 Ill. 561, decided that the State Board of Equalization had no power to assess the capital stock of a corporation for mercantile purposes, but that the assessment should be made by local assessors. At a subsequent appearance before said Board, plaintiff's attorney called its attention to said decision and to the fact that defendant was a corporation organized for mercantile purposes, and, because the Board did not assess defendant's stock, plaintiff claims that it thereby saved defendant $252 and is entitled to fifty per cent. thereof. It appeared that in the previous year said Board assessed defendant's stock and the tax levied thereon was $252. To reverse a judgment in favor of defendant, plaintiff brings error.

HENRY J. GIBBS, for plaintiff in error.

A. C. HECKLER, for defendant in error.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

The News Pub. Co. v. The Associated Press, 190 Ill. App. 77.

## Abstract of the Decision.

CONTRACTS, § 309*—*when performance does not constitute com-pliance.* Where a corporation contracted for the services of a certain company in representing it before the State Board in the matter of its capital stock taxes for a certain year, for which services it agreed to pay a certain per cent. of the amount of tax saved under a certain sum, and subsequently the Supreme Court decided that the Board had no authority to assess the capital stock of mercantile corporations, which decision the Board followed, *held* that said com-pany was not entitled to a percentage under the agreement, since the parties contemplated a tax would be levied on an assessment by the State Board, and that the action of the Board was the result of law rather than the company's efforts, the company having made the value of its services contingent upon *something it could not perform.*